IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUELLA BETTY G., | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-969-BN |
| ANDREW SAUL, Commissioner of Social Security, | § § § § § | |
| Defendant. | § | |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff Luella Betty G. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the decision is reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

## **Background**

Plaintiff alleges that is she disabled as a result of a degenerative disc disease. *See* Administrative Record [Dkt. No. 13-1] ("Tr.") at 209. Alleging an onset date of March 1, 2015, Plaintiff filed an application for supplemental social security income, which the Commissioner initially denied – and denied again on reconsideration. *See id.* at 56, 66. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). *See id.* at 117. That hearing was held on November 8, 2016. *See id.* at 24-55. At the time of the hearing, Plaintiff was 61 years old and had completed high school.

*See id.* at 30-31. Plaintiff has not engaged in substantial gainful activity since her onset date of March 1, 2015. *See id.* at 12.

The ALJ found that Plaintiff was not disabled. *See id.* at 19. Although the medical evidence established that Plaintiff suffered from the severe impairments of lumbar and cervical degenerative disc disease and degenerative joint disease, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 16. The ALJ further determined that Plaintiff had the residual functional capacity to perform

> sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except [she] can frequently climb ramps and stairs and frequently kneel. Claimant can occasionally climb ladders, ropes, and scaffolds, and occasionally stoop, kneel, and balance. She is limited to occasional bilateral overhead reaching.

*See id.* at 16. As such, ALJ found that Plaintiff was not disabled and was capable of performing past relvant work as a project director or a office manager. *See id.* at 18.

Plaintiff appealed that decision to the Appeals Council, which affirmed the ALJ's decision. *See id.* at 1-5, 172-74.

Plaintiff then filed this action in federal district court. *See* Dkt. No. 1. Plaintiff challenges the hearing decision on the grounds that (1) "the ALJ failed to support with substantial evidence her rejection of mental health issues at Step Two, and failed to afford sufficient weight to the opinions of the consultative examiner and treating physicians," and (2) "the ALJ failed to afford sufficient weight to the physical opinion of Plaintiff's treating physician in an RFC unsupported by substantial evidence, and

2

likely resulting in a misapplication of the medical vocational guidelines." *See* Dkt. No. 22 at 1.

The Court concludes that the hearing decision should be reversed and remanded.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552-55 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive

and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show

that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff makes a single claim that compels remand – that the ALJ failed to support with substantial evidence her rejection of Plaintiff's mental health issues at Step Two. *See* Dkt. No. 22 at 1.

Plaintiff asserts that the ALJ rejected Dr. Carlos Galindo's opinion as the treating physician as to Plaintiff's mental state without substantial evidence. *See* Dkt. No. 22 at 13.

The Commissioner argues that substantial evidence existed to support the ALJ's findings because (1) the lack of treatment for a mental disability serves as an "indication of nondisability" and (2) Dr. Galindo's checklist opinion was not supported by any narrative explanation and, therefore, is "unworthy of credence" so there was a "legitimate reason" to reject it. Dkt. No. 23 at 3.

"[O]rdinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) (quoting *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir.1985)). But courts have also held that treating physician's opinions are far from conclusive because "the ALJ has the sole responsibility for determining the claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir.1990). In

6

the ALJ's determination, if he or she finds good cause, "less weight, little weight, or even no weight may be given to the physician's testimony." *Greenspan*, 38 F.3d at 237; *see Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000) ("Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence.").

But, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton,* 209 F.3d at 453. Put simply, the ALJ must consider the *Newton* factors – derived from Section 404.1527(d) – "when the ALJ intends to reject or give little weight to a treating specialist's opinion," where there is no reliable evidence from a separate treating physician to controvert the first. *Id*. at 458.

Here, the ALJ identified Dr. Carlos Galindo as the "treating doctor" and gave partial weight to his opinion as to Plaintiff's physical disabilities. Tr. at 18. But, in her mental disability determination, the ALJ believed there was "little support for Dr. Galindo's opinion that [Plaintiff] had marked and extreme limitations in the ability to maintain attention and concentration, perform activities within a schedule, complete a normal workday or workweek without interruptions from psychologically based symptoms, or interaction with others." *Id*. The ALJ reasoned that rejecting Dr.

7

Galindo's opinion as to a potential mental disability was justified because the opinion was "in direct conflict with [Plaintiff's] statement in the function report that she has no mental issues," that the claimant "was not receiving any mental health treatment" or "taking any medication for any mental health issue," and that Dr. Linda Cameron, a physiologist that conducted a psychological consultative examination of Plaintiff, reported that Plaintiff "had a Full Scale (WAIS) of 96, with achievement skills in the skilled employment range indicating the ability to performed skilled work activity." *Id*. (internal citation omitted).

But a review of Dr. Linda Cameron's report does not support a determination that she held a controverting opinion that would justify the ALJ's rejection of a treating physician's opinion absent a *Newton*-factor analysis. After conducting a WHODAS 2.0 analysis, Dr. Cameron assigned a level of "extreme disability" to Plaintiffs ability get around; a level of "severe disability" to Plaintiff's (1) understanding and communicating, (2) self-care, and (3) participation in society; and a level of "moderate disability" as to Plaintiff's (1) getting along with people, and (2) life activities. Tr. at 353. This diagnosis resulted in an average WHODAS 2.0 score of "severe disability," "moderate disability" as to Plaintiff's generalized anxiety disorder, "severe disability" as to Plaintiff's major depressive disorder, and "moderate disability" with predominant pain as to her somatic symptom disorder. *Id*. Dr. Cameron expressly noted that "[Plaintiff's] emotional problems are affecting her pain levels and she is not coping well with her medical problems. She may need medicational adjustments and/or

8

additional psychological services to increase the likelihood of her job success as these psychological factors could affect her vocations and physical functioning." *Id.* at 354-55.

While Dr. Cameron did assess Plaintiff's intellectual level to be 96, a figure that falls within the skilled employment range, the ALJ's deference to this one line in the report does not to take into consideration of Dr. Cameron's overarching finding in the report itself – a report that does not provide substantial evidence to be a controverting opinion to Dr. Galindo's. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 427 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229(1938)). "In applying the substantial evidence standard, we scrutinize the record to determine whether such evidence is present." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989)). Here, it cannot be said that a reasonable mind might accept the lone intellectual level score of 96, nested in a report that shows Plaintiff to have severe attributes that would impact her work, to be a controverting opinion to that of Dr. Galindo's.

Without a controverting opinion, in order to reject the treating physician's opinion, the ALJ would have needed to considered each of the *Newton* factors. Specifically, she would have needed to consider "(1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the

9

medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician." *Newton*, 209 F.3d at 456.

Because the records shows that the ALJ did not consider the *Newton* factors, the Court finds no need to reach the good cause analysis because the ALJ erred at the threshold step of rejecting Dr. Carlos Galindo's opinion's absent a controverting opinion and substantial evidence to do so, and her determination of non-disability might have been different had the ALJ done so. For this reason, the case is remanded.

## Conclusion

The hearing decision is reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[1]

DATED: August 20, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By ordering a remand for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.