IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUELLA B.G., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:18-cv-969-BN | |
| § | | |
| ANDREW SAUL, Commissioner § | | |
| of Social Security, § | | |
| § | | |
| Defendant. § | | |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff Luella B. G.'s counsel Howard D. Olinsky has filed a Motion for Attorney Fees Pursuant to 28 U.S.C. § 406(b). *See* Dkt. No. 31.

The Commissioner has not filed a response, and his deadline to do so has passed.

For the reasons explained below, the Court GRANTS the motion.

## **Background**

Plaintiff's counsel explains that he

represented Plaintiff in a civil action before this court for judicial review of the Commissioner's decision denying Plaintiff's applications for Disability Insurance [B]enefits and Supplemental Security Income. On August 20, 2019, the U.S. District Court for the Northern District of Texas, Dallas Division, remanded the matter to the Social Security Administration for further proceedings.
  2. On September 19, 2019, an order awarding attorney's fees of $4,851.28 was ordered under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Docket No. 30.

Dkt. No. 32 at 1.

## Legal Standards and Analysis

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While Section 406(a) governs the award of attorneys' fees for representing a claimant in administrative proceedings, Section 406(b) governs the award of attorneys' fees for representing a claimant in court. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

42 U.S.C. § 406(b)(1)(A); *see also Murkeldove*, 635 F.3d at 788 (citing *Gisbrecht*, 535 U.S. at 800); *accord Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that "§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand").

Contingency fee agreements in Social Security cases are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits. *See Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, Section "406(b) calls for court review of such arrangements as an independent

check, to assure that they yield reasonable results in particular cases." *Id.*

As the United States Court of Appeals for the Fifth Circuit has noted, the Commissioner has no direct financial stake in the fee determination; rather, his role resembles that of a "trustee" for the claimant. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). It is the Court's obligation to review where the fees sought are reasonable.

The reasonableness of attorneys' fees awarded pursuant to a fee-shifting statute is generally determined by using the lodestar method. *See Jeter*, 622 F.3d at 374 n.1. But, noting that Section 406(b) is not a fee-shifting statute, the United States Supreme Court has "explicitly rejected" the use of the lodestar method as the "starting point" in determining the reasonableness of a fee under this statute. *Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give a contingency fee agreement 'primacy,'" although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379.

The Court in *Gisbrecht* acknowledged that, "[i]f the benefits [resulting from a contingency fee agreement] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order [to disallow windfalls for lawyers]." 535 U.S. at 808. The Fifth Circuit has interpreted this language to mean that courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage."

*Jeter*, 622 F.3d at 379. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 381-82 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)).

The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

As to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-cv-56-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that, in the year 2000, only 35 percent of claimants who appealed their case to federal court received benefits), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. Civ. A. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept. 27,

2012). And Mr. Olinsky asks that the Court recognize "the contingent nature of the representation." Dkt. No. 32 at 3.

As to the other factors, Mr. Olinsky further explains that he

and Plaintiff entered into a valid contingency fee agreement which stated that the attorney shall charge and receive as the fee an amount equal to twenty-five percent of the past due benefits awarded to Plaintiff and her family if she won her case. A copy of the contingency fee agreement is attached as Exhibit A.
    4. Total past due benefits for the Plaintiff were $47,302.00 based on the June 22, 2020 SSD Notice of Award for August 2015 through May 2020, which was received by [Mr. Olinsky] on November 17, 2020. A copy of this notice and email are attached as Exhibit B.
    5. Under 42 U.S.C. § 406(b), this Court may award "a reasonable fee not in excess of 25 percent of … past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). ). One-fourth of past-due benefits are $11,825.50.
    6. Plaintiff's agency attorney's fee agreement was approved in the amount of $6,000.00 for representation at the post-litigation hearing, not the undersigned.
    7. This reduces the available funds from the claimant's past due benefits to $5825.50. I am requesting $5,825.50 to be approved and paid as 406(b) fees.
    8. Should the Court award 406b fees in the amount of $5,825.50, my office will refund the $4,851.28 EAJA payment previously received to Plaintiff.
    9. [Mr. Olinsky's] win of a remand hearing from this Court has resulted in a finding establishing that Plaintiff is disabled. [Mr. Olinsky] has not represented Plaintiff in any other claim, aside from that under the Social Security Act, regarding his disability.
    10. Plaintiff's attorneys and paralegals logged 27.9 hours at the federal court level. Of those hours, 20.8 are attorney hours and 7.1 are paralegal hours. If the paralegal hours are billed at $100.00 per hour and deducted, the effective hourly attorney rate is $245.94. A copy of the Professional Time is attached as Exhibit C. A copy of Attorney Time individually is attached as Exhibit D. A copy of Paralegal Time individually is attached as Exhibit E.
    11. Given the contingent nature of the representation, the contract between Plaintiff and his attorney and the absence of any reasons the award would be unjust, and it is not a windfall.

*Id.* at 2-3.

The undersigned agrees that, for the reasons that Mr. Olinsky explains, the resulting hourly rate is reasonable under the circumstances of this case. And Mr. Olinsky provided effective and efficient representation, expending almost 30 hours to reach a favorable result. Given the lack of success at the administrative level, counsel's success appears to be attributable to his own work. Finally, while not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25% fee. *See Jeter*, 622 F.3d at 381-82; *Hartz*, 2012 WL 4471846, at *6.

After weighing the relevant factors, the Court finds that the requested contingency fee award in the amount of $5,825.50 is reasonable under the circumstances of this case and should be awarded under Section 406(b).

Plaintiff was previously awarded attorneys' fees under the EAJA. *See* Dkt. No. 30. Given the overlap between the EAJA and Section 406(b) of the Social Security Act, "Congress harmonized fees payable by the Government under" these statutes by requiring that the attorney "refund to [Plaintiff] the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted); *Rice v. Astrue*, 609 F.3d 831,837-39 (5th Cir. 2010). Here, Mr. Olinsky represents that he should be ordered refund those EAJA fees in full to Plaintiff.

## Conclusion

The Court GRANTS Plaintiff's counsel Howard D. Olinsky's Motion for

Attorney Fees Pursuant to 28 U.S.C. § 406(b) [Dkt. No. 31] and AWARDS Mr. Olinsky $5,825.50 in attorneys' fees to be certified for payment out of Plaintiff Luella B. G.'s past-due benefits under 42 U.S.C. § 406(b) and ORDERS Mr. Olinsky to refund the EAJA fees in the amount of $4,851.28 directly to Plaintiff Luella B.G.

SO ORDERED.

DATED: February 10, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE